**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **VE OPENING LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 7:25-CV-00539-DC-DTG** |
| | § | |
| **SALESFORCE, INC.,** | § | |
| | § | |
| *Defendant,* | § | |

**REPORT & RECOMMENDATION TO GRANT-IN-PART
AND DENY-IN-PART THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 23)**

**TO:   THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, Salesforce, Inc.'s motion to dismiss. Dkt. No. 23. The motion is fully briefed, and the Court finds that a hearing is unnecessary. Dkt. Nos. 23, 27, 28. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the defendant's motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.      BACKGROUND

This is a patent infringement case. The plaintiff, VE Opening LLC, accuses the defendant, Salesforce, Inc., of infringing on the plaintiff's patent—U.S. Patent No. 9,916,079. *See generally* Dkt. No. 21. The '079 patent relates to the field of methods for enabling the sharing of information between applications on a computing device. *Id.* at ¶ 12. The amended

complaint alleges the defendant directly and indirectly infringes on claims 1, 4, 5, and 6 of the '079 Patent. *Id.* at ¶¶ 21, 34. The defendant asks the Court to dismiss the plaintiff's amended complaint and find that the '079 Patent is invalid under 35 U.S.C. § 101 because it is directed at an abstract idea. Dkt. No. 23 at 1.

## II.    ANALYSIS

The defendant brings its motion pursuant to Rule 12(b)(6). Dkt. No. 23 at 6 (citing Fed. R. Civ. P. 12(b)(6)). When considering a motion to dismiss under Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–84 (2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff but disregards bare conclusory allegations. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Courts can resolve patent eligibility at the pleading stage "only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic record and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The Court must first determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the elements of each claim both individually and as an

ordered combination transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Patents issued by the United States Patent and Trademark Office enjoy a presumption of validity and eligibility, which must be overcome by clear and convincing evidence. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (citation omitted) (holding that failure to presume that issued patents are valid and patent eligible constitutes error).

While this motion was pending, the plaintiff notified the Court of a recent order issued in a co-pending case, *VE Opening LLC v. Sprinklr, Inc.*, C.A. 1:25-cv-1736-ADA (W. D. Tex), involving the same patent-in-suit. Dkt. No. 31. In that case, the Court found that independent claim 1 of the '079 Patent is directed to an abstract idea and fails to allege an inventive concept. *VE Opening LLC v. Sprinklr, Inc.*, No. 1:25-CV-01736-ADA, 2026 WL 993979, at *5–7 (W.D. Tex. Apr. 10, 2026). Claims 4, 5, and 6, however, were found to not be directed to an abstract idea and thus are patent eligible under 35 U.S.C. § 101. *Id.* at *8–9.

While this Court is not bound by this prior decision, this determination on validity is considered informative, persuasive, and should not be ignored. *See General Plywood Corp. v. Georgia–Pacific Corp.*, 504 F.2d 515, 517 (5th Cir.1974) (holding that in a case involving patent infringement, prior decisions on patent validity and non-infringement were "instructive to some degree on the question of infringement."). The allegations in the above-captioned case are nearly identical with the allegations in *VE Opening LLC v. Sprinklr, Inc. Compare* Dkt. No. 21 *with* Amended Complaint, *VE Opening LLC v. Sprinklr, Inc.*, C.A. 1:25-cv-1736-ADA (W.D. Tex. Nov. 2, 2025), Dkt. No. 19. This pending motion to dismiss is based on the same patent and addresses the same claims with substantially the same arguments as those considered in *VE Opening LLC v. Sprinklr, Inc. Compare* Dkt. No. 23 *with* Motion to Dismiss for Failure to State a

Page 3 of 5

Claim, *VE Opening LLC v. Sprinklr, Inc*, C.A. 1:25-cv-1736-ADA (W.D. Tex. Dec. 15, 2025), Dkt. No. 24. In *Sprinklr*, 2026 WL 993979 (W.D. Tex. Apr. 10, 2026), this Court performed an analysis of the claims at issue under 35 USC § 101 and explained its reasoning for its decisions. The undersigned is persuaded that consistency and predictability counsel in favor of following the Court's reasoning and analysis in *Sprinklr*.

After careful consideration of the briefs, arguments, and the applicable law, the undersigned agrees with this Court's prior validity determination of the '079 Patent. The undersigned agrees that claim 1 of the '079 patent is directed to an abstract idea and lacks an inventive concept that would make it patent eligible. The undersigned further agrees that the dependent claims, however, are not directed to abstract ideas and are patent eligible.

Therefore, the undersigned incorporates by reference into this Report and Recommendation, the analysis in *VE Opening LLC v. Sprinklr, Inc.*, No. 1:25-CV-01736-ADA, 2026 WL 993979 (W.D. Tex. Apr. 10, 2026) and **RECOMMENDS** that the Court **GRANT** the defendant's motion to dismiss under 25 U.S.C. § 101 related to Claim 1 and **DENY** the defendant's motion to dismiss under 35 U.S.C. § 101 related to Claims 4, 5, and 6.

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, Salesforce, Inc.'s motion (Dkt. No. 23) be **GRANTED-IN-PART** and **DENIED-IN-PART**. The defendant's motion to dismiss the plaintiff's claims related to Patent '079's independent claim 1 should be **GRANTED**. The defendant's motion to dismiss the plaintiff's claims related to Patent '079's dependent claims 4, 5 and 6 should be **DENIED**.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 9th day of June, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE